JS-5

1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

12

13

14

15

16

17

18

19

20

21

22

DOMINIQUE LASHON DANIELS,

　　　Plaintiff,

　v.

SECURITAS SECURITY SERVICES USA, INC.,

　　　Defendant.

Case No.: SACV 18-00265-CJC(SKx)

**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER COMPELLING ARBITRATION AND LIFT STAY OF PROCEEDINGS [Dkt. 83]**

23

24 **I. INTRODUCTION**

25

26    Plaintiff Dominique Lashon Daniels, proceeding *pro se*, filed this action against

27 her former employer, Defendant Securitas Security Services USA, Inc., asserting three

28 causes of action under Title VII of the Civil Rights Act of 1964 for sex discrimination

1   and retaliation.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  On April 5, 2019, the Court

2   granted Defendant's motion to compel arbitration and stay proceedings.  (Dkt. 43 ["MCA

3   Order"].)  Now before the Court is Plaintiff's motion to vacate that order based on

4   Defendant's breach of the arbitration agreement.  (Dkt. 83.)  For the following reasons,

5   Plaintiff's motion is **GRANTED**.[1]

6

7   **II.  BACKGROUND**

8

9         **A.       Arbitration Agreement**

10

11  In July 2016, Defendant hired Plaintiff as a security guard.  (Compl. ¶ 10.)  At her

12  job orientation on August 11, 2016, Plaintiff signed a Dispute Resolution Agreement

13  ("DRA"), which describes the scope of arbitrable disputes and the relevant procedures for

14  arbitration:

15

16        This Agreement applies to any legal dispute arising out of or related to your
          application for employment, employment with Securitas USA or one of its
17        affiliates, successors, assigns, subsidiaries or parent companies, or the
          termination of employment, regardless of its date of accrual and survives
18        after the employment relationship terminates. . . .

19
          . . . **This Agreement requires all such disputes to be resolved only by an
20        arbitrator through final and binding arbitration and not by way of
          court or jury trial**. . . .
21

22        . . . [T]his Agreement also applies, without limitation, to disputes with any
          entity or individual arising out of or related to the . . . employment
23        relationship or the termination of that relationship (including post-
          employment defamation or retaliation), . . . retaliation, discrimination, or
24

25

26
          _____

27  [1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate
       for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set
28     for June 7, 2021, at 1:30 p.m. is hereby vacated and off calendar.

harassment and claims arising under . . . Title VII [of the] Civil Rights Act
of 1964 . . . .

(Dkt. 34 [Corrected Declaration of Wednesday Matula] Ex. A [Dispute Resolution
Agreement, hereinafter "DRA"].)

### B.    Motion to Compel Arbitration and Appointment of Arbitrator

In February 2018, Plaintiff filed this suit, which generally alleges that Defendant
refused to appoint her to a specific post because of her gender.  (*See* Compl.)  On April 5,
2019, the Court granted Defendant's motion to compel arbitration and stay proceedings
because there was a valid and binding agreement to arbitrate that encompassed the
dispute at issue.  (*See* MCA Order.)  In the six months following the Court's MCA Order,
the parties were unable to mutually agree on a neutral arbitrator and the Court ultimately
appointed JAMS arbitration services on March 27, 2020.  (Dkt. 82.)

To the Court's disappointment, however, the parties have been unable to cooperate
and resolve their dispute.  The parties engaged in settlement negotiations from March to
December of 2020, but no agreement was reached.  (Dkt 84 [Declaration of Dominique
Daniels, hereinafter "Daniels Decl."] ¶¶ 9–10.; Dkt. 87 [Declaration of Stephen Mazzara,
hereinafter "Mazzara Decl."] ¶¶ 9–11.)  They participated in their first arbitration call a
few months later, on April 14, 2021, but shortly thereafter, Plaintiff sought to remove the
arbitrator for bias.  (Mazzara Decl. ¶ 26.)  Then, on April 27, Plaintiff requested that
Defendant agree to withdraw Plaintiff's claims from arbitration based on her belief that
Defendant had violated the terms of the DRA by failing to pay its $1,750 filing fee.

JAMS' May 13, 2020 Notice of Intent to Initiate Arbitration had informed the
parties both that Defendant was required to pay its $1,750 filing fee no later than May 27,
2020 and that JAMS would not formally begin arbitration until Defendant paid.  (Daniels

Decl. at 23 [Ex. D].)  Defendant's payment was processed on July 1, 2020 and received by JAMS on July 3.  (Mazzara Decl. ¶ 18.)  Plaintiff was not aware of Defendant's untimely payment until April 26, 2021.

## III.  DISCUSSION

Plaintiff contends that Defendant waived its right to compel arbitration and materially breached the DRA by violating California Code of Civil Procedure § 1281.97. Enacted in 2020, Section 1281.97 provides that when an arbitration administrator requires the party that drafted the arbitration agreement to pay certain fees "before the arbitration can proceed" and those fees "are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement . . . and waives its right to compel arbitration."  Cal. Civ. Proc. Code § 1281.97.  Consequently, if the drafting party fails to pay within 30 days of the deadline, the plaintiff may (1) "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction" or (2) "[c]ompel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration."  *Id.*

Defendant does not dispute that it failed to timely pay the $1,750 filing fee that was required by JAMS to commence arbitration.  (Mazzara Decl. ¶ 18.)  JAMS informed Defendant that it was required to pay the filing fee by May 27, 2020.  (Daniels Decl. at 23 [Ex. D].)  Section 1281.97 allowed Defendant to pay the filing fee within 30 days of that date.  Cal. Civ. Proc. Code § 1281.97.  Defendant failed to do so as its payment was processed on July 1, 2020 and received by JAMS on July 3.  (Mazzara Decl. ¶ 18.) Accordingly, under § 1281.97, Defendant materially breached the DRA and waived its right to compel arbitration.  *See Dekker v. Vivint Solar, Inc.*, 2020 WL 4732194 (N.D. Cal. Aug. 14, 2020) (noting that "the clear legislative intent" of § 1281.97 supports "a strict enforcement of the 30-day grace period that begins upon defendants' receipt of

invoice"); *Agerkop v. Sisyphian LLC*, 2021 WL 1940456, at *3 (C.D. Cal. Apr. 13, 2021).  Plaintiff is therefore authorized to withdraw her claims from arbitration and instead litigate them in this Court.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the Court's order compelling arbitration is **GRANTED**.  The Court hereby **LIFTS** the stay of proceedings. The Court sets the following schedule:

1) The deadline for the parties to complete all discovery, discovery-related motions, is February 24, 2021;
2) All motions must be *filed and heard* by April 25, 2022;
3) A pretrial conference will be held on June 27, 2022 at 3:00 p.m.;
4) A jury trial will be held on July 5, 2022 at 8:30 a.m.

**IT IS SO ORDERED.**

DATED:     May 27, 2021

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE